## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

CHARLES D.  GRISSOM, Jr.                                          **PLAINTIFF**

v.                              **Civil No.:  4:10-cv-4088**

SHERIFF RON STOVALL                                          **DEFENDANT**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate at the Miller County Correctional Facility, in Texarkana, Arkansas, has filed a pleading by using a form which is similar to the one utilized by prisoners filing a Complaint pursuant to 42 U.S.C. § 1983.  (Doc.  1).  Plaintiff did not pay the full filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis,* ("IFP").  (Doc.  2).  Plaintiff was granted *in forma pauperis* status on June 22, 2010.  (Doc.  3).

The matter is presently before the Court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A.  For the reasons discussed below, this Court recommends that this action be summarily dismissed pursuant to Section 1915A.

### I.        BACKGROUND

The following facts were presented to the Court in Plaintiff's Complaint.  (Doc.  1).  Under the section entitled Statement of Claim, *id.* at ¶ V, Plaintiff alleges he has been held and restrained of his liberty due to the "prosecuting Attorney Office failure to establish good cause to further restrain my liberty."  *Id.*  Plaintiff includes handwritten copies of what appear to be motions he made to the Honorable Judge Joe Griffin, a state circuit court judge, regarding Plaintiff's criminal charges in state court.  (Doc.  1-1).

-1-

The state court motions to Judge Griffin include a motion entitled "Motion for Release," in which the Plaintiff in the current action asked Judge Griffin to release him pursuant to Arkansas Rules of Criminal Procedure 8.6. *Id.* In that Motion, Plaintiff indicated to the state court he was charged with theft of property under ARK. CODE. ANN. § 5-36-103 and had been confined in the Miller County Detention Center since March 18, 2010. *Id.* Plaintiff further argued that pursuant to Arkansas Rule of Criminal Procedure 8.6 he could only be held for sixty days before a formal charge was filed. *Id.* Plaintiff states he had been held beyond that time, and the motion was dated and notarized on June 1, 2010. *Id.*

Plaintiff also has included what purports to be a copy of Arkansas Rule of Criminal Procedure 8.6, a handwritten copy of a second Motion he apparently filed in state court, which is entitled "Motion to Proceed As Pro Se Counsel Joint with Substitute Counsel," and a letter he wrote to Judge Griffin on May 27, 2010. (Doc. 1-1). Additionally, Plaintiff has included a "grievance form" wherein Plaintiff complains about the duration of his custody relative to charges being filed. *Id.* This grievance is dated May 26, 2010, but shows no response by anyone at the Miller County Detention Center. *Id.* Plaintiff does not indicate if he filed this grievance.

Plaintiff has also provided a letter to Mr. Carlton Jones, a deputy prosecuting attorney for the Eighth Judicial District. *Id.* This letter is dated May 18, 2010, and requests a bond reduction. *Id.* Also included are pay stubs from TEC Linens, Inc. for employee Demetrice Hurd, who Plaintiff indicated, in the letter to Mr. Jones, is Plaintiff's fiancee. (Doc. 1-1).

Finally, Plaintiff includes what appear to be handwritten copies of two additional motions, with cover letters to the Clerk of Court, he filed in state court. *Id.* One is dated May 11, 2010 and entitled "Motion to Release on Order to Appear or On Defendant [sic] Own Recognizance,"

requesting that Plaintiff be released on his own recognizance due to the time of his confinement without formal charges being filed. *Id.* Plaintiff includes what appears to be a handwritten letter to the Clerk of Court inquiring as to whether the Court received a Motion for Bond Reduction, and requesting a hearing. *Id.* Also, Plaintiff includes a final motion, which appears to be a Motion for Bond Reduction, but which is partially illegible. *Id.*

In the section of his Complaint before this Court entitled "Relief," doc. 1, ¶ VI, Plaintiff states he is "seeking immediate[] release." *Id.* Plaintiff also requests damages for "past and future mental anguish" of 25 million dollars, damages for "physical impairment" of 2.5 million dollars, along with court costs, attorney fees, 20 million dollars for kidnaping, and 20 million dollars for false imprisonment. *Id.*

## II.    APPLICABLE LAW

Because Plaintiff is a prisoner who is seeking redress from a governmental agent, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a). That statute, which is part of the Prison Litigation Reform Act of 1995 ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading is "frivolous" or fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while the defendant(s) acted under color of state law. *West*

*v. Atkins,* 487 U.S. 42, 48 (1988).  Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: *the complaint must allege facts,* which if true, state a claim as a matter of law."  *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added); *see also, Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions").

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution.  *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *Speed v. Ramsey County,* 954 F.Supp. 1392, 1397 (D. Minn. 1997).  Thus, in order to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

## III.    DISCUSSION

The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state an actionable claim, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).  In this case, the complaint fails to state a claim on which relief may be granted under the Constitution or laws of the United States.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### A.    Inadequate Factual Allegations

To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to a judgment against the defendant(s) under some cognizable legal theory.

To state an actionable civil rights claim, as Plaintiff apparently is attempting to do here, a complaint must allege facts showing that each named defendant was personally involved in some

alleged violation of the claimant's federal constitutional rights. *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999). *See also Madewell*, 909 F.2d at 1208 (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); *Speed*, 954 F. Supp. at 1397. In other words, the complaint must describe what each individual defendant allegedly did, or failed to do, that purportedly violated the claimant's constitutional rights.

Plaintiff's present complaint fails to state an actionable claim for relief, because it does not include any factual allegations describing anything that the named Defendant purportedly did, or failed to do, that could entitle Plaintiff to any judgment against Defendant. Plaintiff has not alleged any facts showing that Sheriff Stovall himself did anything, (or failed to do anything), that could cause him to be liable to Plaintiff. Instead, it appears that Plaintiff may be attempting to sue the Sheriff Stovall based solely on some alleged misconduct by some unidentified state agent(s) or employee(s).

It is well-settled, however, that in a federal civil rights action, a governmental entity cannot be held vicariously liable for the wrongful acts or omissions of its agents or employees, because the doctrine of respondeat superior does not apply to such actions. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). To state an actionable civil rights claim against a governmental entity, a complaint must include specific factual allegations showing how that particular entity directly caused a violation of the plaintiff's constitutional rights. Because the current complaint does not include any such allegations against Sheriff Stovall, Plaintiff has failed to state any actionable civil rights claim.

B.   Claims Barred by *Heck v. Humphrey*[1]

Even if Plaintiff had alleged some facts showing that Sheriff Stovall somehow violated his federal constitutional rights, his present civil rights action would be barred by the Supreme Court's

---

[1] 512 U.S. 477 (1994).

decisions in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994). In both of those cases, the Court held that *habeas corpus* is the exclusive federal remedy for a litigant "who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck*, 512 U.S. at 481, *citing Preiser*, 411 U.S. at 488-90.

In this case, Plaintiff has specifically requested "immediate[] release." Because Plaintiff is seeking an expedited release from custody, his lawsuit is barred by *Heck* and *Preiser*.[2]  Plaintiff may, if he claims he is being held in violation of the Constitution or laws of the United States, seek *habeas corpus* relief pursuant to 28 U.S.C. § 2254.

## IV.   CONCLUSION

Accordingly, I recommend that  Plaintiff's Complaint (Doc.  1) be **DISMISSED** as it fails to state a claim under Section 1983.  I also recommend this case be considered a "strike" pursuant to the so-called "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915 (g), and the Clerk of Court be directed to place the appropriate case flag on this case.

Having filed this action, Plaintiff remains liable for the filing fee.  *See e.g., In re Tyler*, 110 F.3d 528, 529-30 (8th Cir.  1997) (holding even if the petition is dismissed, the full filing fee is still assessed because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or file an appeal.).

**The parties have fourteen (14) days from receipt of this report and recommendation in**

---

[2] Upon review of Plaintiff's Complaint (Doc.  1) the Court notes the Plaintiff does not specifically include Section 1983 as the basis for his lawsuit, although the form Plaintiff utilized is essentially the same as the form for lawsuits filed pursuant to Section 1983 in this district.  Thus, it is conceivable Plaintiff intended this lawsuit as one for a writ of *habeas corpus*.  However, pursuant to Local Rule 9.1, "[a]ll actions under . . . 28 U.S.C. § 2254 filed in this district by incarcerated persons **shall be** submitted on the court-approved forms supplied by the Court . . .." Plaintiff's lawsuit is not on the form approved by this Court for *habeas corpus* actions, but is on a form almost identical to the one provided and approved for Civil Rights Actions pursuant to Section 1983 and will be construed as a civil rights action pursuant to Section 1983.  Should Plaintiff seek to proceed pursuant to 28 U.S.C. § 2254, he must use the court-approved form supplied by the clerk of this Court.

which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 29th day of June 2010.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S.  MAGISTRATE JUDGE